```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

JIMMIE. E CHAPMAN,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

NO. 1:10-CV-155

**OPINION AND ORDER**

    This matter is before the Court on the Magistrate Judge's March 10, 2011 Report and Recommendation (doc. 19), and Plaintiff's Objections (doc. 20). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES this case from the Court's docket.

**I. Background**

    Plaintiff filed this action on March 8, 2010, seeking a judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB") (doc. 4). Plaintiff filed an application for SSI and DBI on April 24, 2007, alleging disability onset of October 19, 2006, due to shoulder injury, a bad neck, problems with elbows and right hand, and hearing loss (doc. 7).

After Plaintiff's applications were denied initially, he was granted a de novo hearing before an administrative law judge ("ALJ") (Id.).

The ALJ denied Plaintiff's applications on March 30, 2009 (Id.). In her decision, the ALJ determined that Plaintiff suffers from severe impairments of status post left shoulder arthoscopy, mini-open rotator cuff repair and arthroscopic debridement, osteoarthritis and degenerative changes of the cervical spine, sensineural hearing loss, and obesity (Id.). The ALJ, however, found that Plaintiff's impairments alone or in combination do not meet or equal any within the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (Id.). The ALJ determined Plaintiff has a residual functional capacity ("RFC") such that he can perform light work as defined by 20 C.F.R. 404.1567(b) and 416.967(b), so long as he is unexposed to unprotected heights or hazards, is not required to climb ladders, ropes or scaffolds, is not exposed to working or vibrating surfaces or extreme cold temperatures, and is limited to only occasional interaction and verbal communication with supervisors, co-workers, and the general public in a low-stress work environment (Id.). Although the ALJ found Plaintiff is unable to perform his past relevant work, she determined Plaintiff could perform a significant range of jobs that exist in the

national economy (Id.). Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act and is not entitled to SSI or DBI (Id.). Plaintiff appealed to the Appeals Council, which denied the appeal, therefore making the ALJ's decision the final decision of the Commissioner (Id.).

In his appeal, Plaintiff argues the ALJ failed in fully developing the record, considering the combined impact of the Plaintiff's impairments, and assessing the Plaintiff's pain and credibility (Id.). The Magistrate Judge disagreed (Id.). In her Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings and the medical evidence in the record and concluded that there was insufficient evidence to support Plaintiff's claim of hearing loss, and found the ALJ's decision to be supported by the opinion of Dr. Magnussen, who performed a consultive evaluation at the request of ALJ Page (Id.). Moreover, the Magistrate Judge found fully supported by record evidence the Plaintiff's shoulder injury similarly unremarkable, with an orthopedic surgeon, Dr. Tao, stating after performing arthoscopy, mini-open rotator cuff repair, and arthroscopic debridement of the left shoulder that the shoulder looked normal and the Plaintiff need only return as needed(Id.). As such, the Magistrate Judge found the ALJ's RFC finding supported by substantial evidence and recommended that it be affirmed (Id.). Plaintiff filed her Objections on March 21, 2011 (doc. 20), so that this matter is now ripe for the Court's review.

**II. Discussion**

The Court reviews this matter <u>de novo</u> because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a <u>de novo</u> determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." <u>Id.</u> The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." <u>Id.</u>

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); <u>Smith v. Sec'y of Health & Human Servs.</u>, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993).

The claimant has the burden of proving by sufficient evidence that he is entitled to SSI. 20 C.F.R. § 404.1512(a). To show that claimant is an "eligible individual" entitled to SSI, he

4

must be disabled.  42 U.S.C. § 1382(a).

**A.    The Magistrate Judge's Report and Recommendation (doc. 19)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including Plaintiff's hearing testimony (doc. 19).  The Magistrate Judge then reviewed Plaintiff's three arguments on appeal, that 1) the ALJ erred in developing the record and considering the evidence, 2) the ALJ erred in considering the combined impact of Plaintiff's impairments, and 3) the ALJ erred in adequately assessing Plaintiff's pain and credibility (Id.).

The Court rejected Plaintiff's first argument, finding the ALJ's decision supported by substantial evidence, including the testimony of Drs. Magnussen and Tao, and an adequately developed record (Id.).  In so doing, the Magistrate Judge specifically addressed and rejected Plaintiff's contention that he was unable to obtain certain treatments, better hearing aids and post-surgical physical therapy for his shoulder, due to lack of funding (Id.). Additionally, the Magistrate Judge found that the ALJ Page had completed an exhaustive review of the evidence, and no need for additional evidence to be found and considered than that which was by the ALJ (Id.).

The Magistrate Judge also found that the ALJ Page considered, as required, the combined effect of Plaintiff's impairments (see Barney v. Sec'y of Health & Human Servs., 743 F.2d

5

448, 453 (6th Cir. 1984). The ALJ found that the Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . ." (doc. 7). The ALJ additionally considered the impact of Plaintiff's obesity at each stage of the analysis (Id.).

Plaintiff also argues, and Magistrate Judge found unpersuasive, that ALJ Page's conclusion concerning the credibility of Plaintiff was in error (doc. 9). Specifically Plaintiff contends his subjective complaints and submitted medical records were not adequately considered (Id.). However, ALJ Page noted various factors in her decision leading her to question the credibility of Plaintiff. These factors included that nothing in the medical records indicated Plaintiff was experiencing the level of pain alleged in the proceeding (doc. 7). There was no other objective medical evidence in the record to corroborate Plaintiff's subjective complaints, and Plaintiff testified about his ability to perform various household tasks (Id.). Instead, the objective medical evidence indicated that gait, coordination and stability were all normal, and Plaintiff's statements about severity of pain were inconsistent with the assessments of medical doctors. (Id.)

**B. Plaintiff's Objections (doc. 20)**

Plaintiff argues in her objections that the Magistrate Judge and ALJ erred in accurately considering the alleged hearing loss, pain in the hip and leg, and headaches suffered by Plaintiff

6

(doc. 20). Plaintiff argues that when considering the alleged pain in combination, the Magistrate Judge should have found that the ALJ did not accurately consider Plaintiff's pain (Id.).

Plaintiff questioned the Magistrate Judge's finding that the evidence submitted failed to establish a finding of disability (Id.). Instead, Plaintiff argues that medical records clearly indicate Plaintiff suffers from a disability because a medical doctor, Dr. Perry, treated Plaintiff for severe headaches, and Dr. Tao performed surgery on Plaintiff's shoulder (Id.). The record therefore indicates that Plaintiff suffered pain that should support a disability finding (Id.). For these reasons, the Plaintiff requests the Court to find ALJ's decision not supported by substantial evidence and Plaintiff found disabled, or alternatively a remand of this matter for consideration of additional evidence (Id.).

**C. Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 19), and denies Plaintiff's Objections (doc. 20).

In spite of Plaintiff's objections to the Magistrate Judge's report, the Court finds sufficient medical evidence in the

7

record to substantiate the ALJ's findings. 42 U.S.C. § 405(g); Smith, 893 F.2d at 108. Specifically, the Magistrate Judge did not err in finding the ALJ's determination as to credibility and extent of pain when considering the alleged impairments.

In his objection, Plaintiff criticizes the accuracy of the consideration of the evidence by the ALJ. However, the record clearly indicates that the ALJ considered the pain suffered by the Plaintiff and relied on objective medical evidence furnished by Drs. Tao and Magnussen. The ALJ found there was no need for additional evidence, and the Magistrate Judge agreed with this assessment. Though the objective medical evidence, the assessments by Drs. Tao and Magnussen, indicates that Plaintiff did suffer pain, the ALJ determined that pain did not qualify Plaintiff as disabled and did not entitle him to SSI or DIB. Additionally, the Magistrate Judge found that the ALJ was under no obligation to consider the subjective claims of Plaintiff if she had made a determination that Plaintiff was not credible. Jones v. Comm'r of Soc. Sec., 336 F.3d 469 (2003).

The Court concludes that the assessments of Drs. Tao and Magnussen are clear and supportive evidence, and that the subjective claims of Plaintiff need not be further considered. For these reasons, the Court does not find Plaintiff's objection well-taken.

**III. Conclusion**

The Court concludes that the ALJ's decision regarding Plaintiff's residual functional capacity is supported by substantial evidence and finds well-taken the ALJ's credibility assessment. McGuire v. Commissioner of Soc. Sec., No. 98-1052, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999). Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 19) in all respects, and DISMISSES this case from the Court's docket.

SO ORDERED.

Date: May 18, 2011         /s/ S. Arthur Spiegel

                                            S. Arthur Spiegel
                                            United States Senior District Judge